UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMAL DEMANTE KESHUNE ROSS,

    Plaintiff,

v.                                  Case No.  5:25-cv-6-MW-MJF

RICKY CLOUD,

    Defendant.
                                    /

## REPORT AND RECOMMENDATION

Plaintiff Jamal Ross, a Florida prisoner proceeding *pro se* and *in forma pauperis*, has filed a complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff claims that Defendant violated the Constitution when Defendant recommended that Plaintiff's classification status be changed. The undersigned recommends that this case be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), because Plaintiff's complaint fails to state a claim on which relief can be granted.

### BACKGROUND

**A.**   **Plaintiff's Complaint**

Plaintiff is an inmate of the Florida Department of Corrections housed at the Florida State Prison. Plaintiff's complaint names one

Defendant: Ricky Cloud, whom Plaintiff describes as a classification official at the Jackson Correctional Institution. Doc. 1 at 2.

Plaintiff alleges that on February 1, 2024, a disciplinary hearing team at Jackson CI held a hearing on a disciplinary charge against Plaintiff (DR Log #104-240086). Defendant Cloud was the chairman of the team. Plaintiff does not specify the charge or the outcome of the hearing. Plaintiff merely states that Cloud "notified" Plaintiff that "Mrs. Peterson was his good friend of over 25 years, and he would make sure [Plaintiff] would be going to Closed Management." Doc. 1 at 5.

On February 6, 2024, Cloud recommended that Plaintiff be placed on Close Management. Plaintiff alleges that this recommendation was "falsified" because Cloud was not Plaintiff's classification officer. *Id.* at 5–6. The State Classification Office disapproved the recommendation.

On February 20, 2024, Plaintiff appeared at another disciplinary hearing where Cloud was the team chairman. After the hearing, Cloud issued a second recommendation that Plaintiff be placed on Close Management. Plaintiff alleges this recommendation, too, was "falsified," presumably for the same reason. *Id.* at 6. On March 5, 2024, the State Classification Office approved the recommendation. As a result of that

Page 2 of 13

custody classification, Plaintiff was transferred to the Santa Rosa Correctional Institution and placed in Close Management. Plaintiff lost communication privileges with his family, was confined "extensively," and contracted the shingles virus. Doc. 1 at 6.

Plaintiff claims that Cloud's conduct—"providing false information on official documents" (presumably the Close Management recommendation)—violated the Eighth and Fourteenth Amendments. *Id.* at 5, 7. Plaintiff requests $100,000.00 from Cloud for "pain and suffering [and] time loss that I cannot get back." *Id.* at 7. Plaintiff also requests that Cloud "be fired." *Id.*

## B. The Undersigned Afforded Plaintiff the Opportunity to Amend His Complaint

On August 13, 2025, the undersigned screened Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Doc. 16. The undersigned outlined the Eighth-Amendment and the Fourteenth-Amendment standards, and explained to Plaintiff why his allegations failed to satisfy either of those standards. The undersigned ordered Plaintiff to replead or file a notice of voluntary dismissal, and warned Plaintiff that failure to comply with the order likely would result in this civil action being dismissed for failure to state a claim, failure to prosecute and failure to

comply with a court order. *Id.* at 15. Plaintiff's deadline to comply with the August 13 order was October 10, 2025. *See* Doc. 20.

To date, Plaintiff has not filed an amended complaint and has not responded to the show-cause order entered on October 29, 2025. Doc. 25.

### SCREENING STANDARD UNDER 28 U.S.C. §§ 1915(e)(2), 1915A

Because Plaintiff is a prisoner and is proceeding *in forma pauperis*, the District Court is required to review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (corresponding standard applicable to *in forma pauperis* proceedings).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

In reviewing a complaint, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Mere "labels and conclusions", however, are not accepted as true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Similarly, a pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## DISCUSSION

"A section 1983 claim is conditioned on two essential elements: first, the conduct complained of must have been committed by a person acting under color of state law; second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution

or the laws of the United States." *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 (11th Cir. 1985) (citing 42 U.S.C. § 1983).

## A. <u>Failure to Allege an Eighth-Amendment Violation</u>

Plaintiff claims that Cloud violated the Eighth Amendment by recommending that Plaintiff's custody classification be changed to Close Management. Doc. 1 at 7.

To state an Eighth-Amendment claim, a plaintiff must allege at least four elements:

1. the plaintiff suffered a deprivation that was "objectively, 'sufficiently serious;'"
2. the defendant was deliberately indifferent to the risk of serious harm;
3. the plaintiff suffered an injury; and
4. the defendant's deliberate indifference caused the plaintiff's injury.

*Wade v. McDade*, 106 F.4th 1251, 1255, 1262 (11th Cir. 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).

The Supreme Court has set a high bar for the objective component of a claim challenging a condition of confinement. The plaintiff must demonstrate that the condition constitutes an "unquestioned and serious deprivation of basic human needs," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), or that the condition "'pose[s] an unreasonable risk of serious damage to his future health' or safety," *Chandler*, 379 F.3d at 1289 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). As the Supreme Court stated in *Rhodes*, "the Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes, cannot be free of discomfort." 452 U.S. at 349. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347.

To state the deliberate indifference element, a plaintiff must allege that the defendant "was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade*, 106 F.4th at 1262 (quoting *Farmer*, 511 U.S. at 839). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835.

Here, Plaintiff's allegations fail to satisfy any of the required elements of an Eighth-Amendment claim against Cloud. First, Plaintiff has not alleged that the Close Management recommendation, in and of itself, exposed Plaintiff to a substantial risk of serious harm. Close Management is "the separation of an inmate apart from the general population, for reasons of security or the order and effective management of the institution, when the inmate, through his or her behavior, has demonstrated an inability to live in the general population without abusing the rights and privileges of others." Fla. Admin. Code r. 33-601.800(1)(a), (3)(a). Nothing in Plaintiff's complaint—or the FDC's description of Close Management—suggests that Close Management, objectively, poses a substantial risk of serious harm to Plaintiff's health or safety. *See* Fla. Admin. Code r. 33-601.800(2) (describing the conditions in Close Management I and II as involving restrictive cell housing).

To the extent Plaintiff seeks to hold Cloud liable for the particular conditions Plaintiff experienced at Santa Rosa CI (losing visitation privileges and contracting the shingles virus), Plaintiff fails to allege the requisite causal connection. Plaintiff's allegations do not raise a

reasonable inference that Cloud, a prison official at Jackson CI, had control over the conditions of Close Management at Santa Rosa CI. *See LeMarca v. Turner*, 995 F.2d 1526, 1538–39 (11th Cir. 1993); *May v. Hetzel*, 630 F. App'x 994, 997 (11th Cir. 2015).

Plaintiff also fails to allege the deliberate-indifference element. Plaintiff does not allege that Cloud "actually knew" that recommending Plaintiff for Close Management "put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1253. At most, Plaintiff's allegations suggest that Cloud knew Plaintiff would be subject to more restrictive housing conditions. This falls far short of the deliberate-indifference standard.

Because Plaintiff's allegation that Cloud recommended Plaintiff for Close Management does not state an Eighth-Amendment claim, the District Court is required to dismiss this claim.

B.     **Failure to Allege a Fourteenth-Amendment Violation**

Plaintiff claims that Cloud violated the Fourteenth Amendment because Cloud's Close Management recommendation deprived Plaintiff of "equal protection under the law and fairness." Doc. 1 at 7.

Plaintiff's conclusory statement of an equal-protection violation fails to state a claim for violation of the Fourteenth Amendment. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678; *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996).

The same is true of Plaintiff's "fairness" claim, which the court liberally construes as a procedural due process claim under the Fourteenth Amendment. The only allegation Plaintiff offers in support of this claim is a bare, unsupported assertion that Cloud's recommendation was "falsified." Doc. 1 at 5, 6.

This assertion fails to state a plausible due-process claim for two reasons. First, it is conclusory and unsupported by any specific facts. *See Twombly*, 550 U.S. at 570.

Second, Plaintiff's allegations do not support a reasonable inference that Plaintiff was deprived of a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484–86 (1995); *Meachum v. Fano*, 427 U.S. 215, 223–25 (1976) (no liberty interest in discretionary transfer to maximum security state prison); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (prisoners have "no legitimate . . . constitutional entitlement" to classification status "sufficient to invoke due process"); *Matthews v. Moss*, 506 F. App'x 981,

983 (11th Cir. 2013) (prisoners "have no protected liberty interest in a particular custody classification."); *Holston v. Dawson*, No. 22-11198, 2023 WL 7485227, at *6 (11th Cir. Nov. 13, 2023) (dismissing due process claim because prisoner failed to allege how CM hearing itself was procedurally inadequate).

Because Plaintiff's allegations fail to state a violation of the Fourteenth Amendment, this claim also must be dismissed.

C.   **Plaintiff Cannot Obtain Compensatory Damages**

Plaintiff's complaint requests $100,000 "for pain and suffering, time loss." Doc. 1 at 7. Plaintiff cannot obtain this relief because it is barred by 42 U.S.C. § 1997e(e). That statute provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]". To avoid this restriction, the prisoner must prove that he suffered more than a *de minimis* physical injury. *Thompson v. Smith*, 805 F. App'x 893, 900-01 (11th Cir. 2020).

Here, Plaintiff does not allege that he suffered a physical injury from Cloud merely *recommending* that Plaintiff be placed on Close

Management. To the extent Plaintiff seeks to recover damages from Cloud because Plaintiff contracted the shingles virus while at Santa Rosa CI, Plaintiff cannot establish the requisite causal connection, as discussed above. *LeMarca*, 995 F.2d at 1538–39.

### D. No Claim for Injunctive Relief

Plaintiff also cannot obtain the injunctive relief he seeks—the termination of Cloud's employment. It is beyond the authority of the court to consider this this type of relief because the court would thereby become too "enmeshed in the minutiae of prison operations." *LaMarca*, 995 F.2d at 1543 (it was an "inappropriate use of the court's equity powers" to require a defendant prison official to discipline his guards and to detail the type of conditions under which the guards should be employed, as that relief unnecessarily intruded on prison operations) (quoting *Bell v. Wolfish*, 441 U.S. 520, 562 (1974)); *see also, e.g., Nicholas v. Heffner*, 228 F. App'x 139, 141 (3d Cir. 2007) ("The District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Craig v. Fisher*, 2017 WL 3492571, at *3 (M.D. Fla. Aug. 15, 2017) ("[T]he Court does not have the authority to direct the termination of FDOC's employees.").

## Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), for failure to state a claim on which relief may be granted.

2. **DIRECT** the clerk of court to enter judgment accordingly and close this case.

At Panama City, Florida, this <u>1st</u> day of December, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**